IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALISON FLOWERS**
Illinois,

Plaintiff,

v.

**U.S. SECRET SERVICE**
950 H St. NW, #7800,
Washington, D.C., 20223

Defendant.

Civil Action No. ________________

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Alison Flowers ("Plaintiff"), by and through her undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the U.S. Secret Service ("Secret Service" or "Defendant").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under FOIA to release records connected to the federal criminal prosecution of Dee Farmer. Plaintiff is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of the Act.

**Jurisdiction and Venue**

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff Alison Flowers is a journalist based in Chicago, Illinois. She is the recipient of a 2024 Pulitzer Prize for Audio Reporting and a 2024 Peabody Award for work performed on the celebrated podcast "You Didn't See Nothin," and received an Emmy Award in 2020 for her work as a co-producer on the documentary "16 Shots." Ms. Flowers was also a finalist for the 2021 Pulitzer Prize for Audio Reporting for the podcast "Somebody" and is a two-time winner of the Hillman Foundation's Sidney Award for her attention to investigative journalism centered on social and economic justice. She is the author of the non-fiction investigative book, "Exoneree Diaries: The Fight for Innocence, Independence, and Identity."

6. Defendant Secret Service is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. The Secret Service's headquarters are located at 950 H St. NW, #7800, Washington, D.C., 20223.

**Facts**

7. On September 16, 2025, Plaintiff submitted a FOIA request to the Secret Service (the "Request"). A true and correct copy of the Request is attached hereto as **Exhibit 1** and is incorporated by reference.

8. The Request sought:

> any of all recordings pertaining to the closed/adjudicated federal criminal case (1985-1987) against "Douglas Farmer" aka "Dee Farmer" asks "Dee Deidre Farmer" (DOB 5/3/65) from 1985-1987, including but not limited to the 2/24/86, 2/25/86, 2/28/86 and 3/3/86

> wiretap phone recordings involving Kendra Westmoreland residential phone and the Baltimore County Detention Center, as well as a recording between Baltimore County Detention Center and a computer store; the Baltimore office of the Secret Service was involved in the investigation which at the time was headed by Agent Joseph Coppola

Ex. 1.

9. The Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A). *See* Ex. 1.

10. On September 17, 2025, Defendant sent Plaintiff a letter via email acknowledging receipt of the Request and assigning tracking number 20251780. A true and correct copy of this email is attached hereto as **Exhibit 2**.

11. On October 27, 2025, Plaintiff sent Defendant an email asking for an update on the status of the Request. Plaintiff stated that she had attempted to call Defendant's provided number but was unable to reach Defendant. A true and correct copy of this email exchange is attached hereto as **Exhibit 3**.

12. On November 24, 2025, Plaintiff sent Defendant an email requesting an update on the status of the Request. *See* Ex. 3.

13. On December 2, 2025, Defendant sent Plaintiff a letter response via email indicating that a search for responsive records was underway. A true and correct copy of this letter is attached hereto as **Exhibit 4**.

14. On January 26, 2026, Plaintiff sent Defendant an email requesting an update on the status of the Request and noting Defendant's delays in providing a determination. A true and correct copy of this email is attached hereto as **Exhibit 5**.

15. On January 27, 2026, Defendant sent Plaintiff a letter response via email notifying Plaintiff that they had located records "potentially responsive to [the R]equest" and were contemporaneously processing the documents. A true and correct copy of this email is attached hereto as **Exhibit 6**.

16. On March 31, 2026, Plaintiff sent Defendant an email noting that since the filing of the Request, 132 working days had passed, and since Defendant provided a status update on January 27, 2026, 44 working days had passed. Plaintiff appealed the constructive denial of the Request. A true and correct copy of this email is attached hereto as **Exhibit 7**.

17. On April 20, 2026, Defendant sent Plaintiff a letter via email reiterating to Plaintiff that they had located records "potentially responsive to [the R]equest" and were processing the documents. A true and correct copy of this email is attached hereto as **Exhibit 8**.

18. As of the date of the filing of this Complaint, it has been approximately 384 calendar days and 259 business days since Plaintiff submitted the Request.

19. As of the date of the filing of this Complaint, Plaintiff has received no further communications from the Secret Service regarding the Request.

## CAUSES OF ACTION

### COUNT I
### Violation of FOIA for Failure to Comply with Statutory Deadlines

1. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

2. Defendant is an agency subject to FOIA.

3. By the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

4. Defendant failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

5. Defendant's failure to provide determinations with respect to the Request within the statutory required timeframe are violations of FOIA.

6. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**COUNT II**
**Violation of FOIA for Wrongful Withholding of Agency Records**

7. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

8. Defendant is an agency subject to FOIA.

9. By the Request, Plaintiff properly requested records within the possession, custody or control of the Defendant.

10. The Request complied with all applicable regulations regarding the submission of FOIA requests.

11. Defendant has not released any records or portions thereof in response to the Request.

12. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

13. Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

14. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Issue a declaration that Defendant's failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA;

(2) Order Defendant to complete its search for records responsive to the Request, and to issue determinations with respect to the Request;

(3) Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

(4) Issue a declaration that Plaintiff is entitled to disclosure of the records responsive to the Request;

(5) Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(6) Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: October 5, 2026

Respectfully submitted,

<u>*/s/ Gunita Singh*</u>

Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*